**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH M. ENGEL, | ) |
| Petitioner, | ) |
| v. | ) No. 4:23-cv-289 JAR |
| CYBELLE WEBBER, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Joseph M. Engel's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) and two Motions to Amend/Correct Petition (ECF No. 10, 15). For the following reasons, the motions will be denied.

On June 18, 2021, Petitioner Joseph M. Engel was charged with unlawful possession of a firearm after he knowingly possessed a pistol on January 28, 2020, and he had been previously convicted of a felony offense, second-degree burglary on July 19, 2019. *See* Mo. Rev. Stat. § 571.070. Before trial, Engel filed a motion to suppress the gun in question, which was seized by City of De Soto police officer Jacob Christiansen. ECF No. 8-2 at 20. After a suppression hearing on October 7, 2021, the trial court denied the motion. Engel then waived his right to a jury trial, and the court held a bench trial on February 10, 2022. During closing arguments, Engel renewed his motion to suppress. The court denied the motion and found Engel guilty of the charged offense. ECF No. 8-1 at 73. The parties agreed to a sentencing hearing immediately after the trial, and the court sentenced Engel to five years of imprisonment to run concurrently with another sentence. ECF No. 8-1 at 77.

Engel later appealed, arguing that the gun was unlawfully seized under the Fourth and Fifth Amendments to the U.S. Constitution and should have been suppressed. Specifically, he argued that Christiansen subjected him to an unlawful search and seizure, and that Christiansen was required to read him his Fifth Amendments rights as required by *Miranda v. Arizona*, 384 U.S. 436 (1966), before asking him guilt-seeking questions.

On February 21, 2023, the Missouri Court of Appeals affirmed the trial court's judgment. Viewing the facts in the light most favorable to the trial court's denial of Engel's motion to suppress and Engel's motion for rehearing on the motion to suppress, it summarized the evidence adduced at the suppression hearing and trial as follows:

> On January 28, 2020, DeSoto police officer Jacob Christiansen received a call from police dispatch that a local hardware store wanted an officer to issue a "trespass" notice to a subject, i.e., tell the subject he was no longer welcome at the business. Dispatch identified the subject as a white male walking near the store and wearing a dark jacket and backpack. As Officer Christiansen drove his patrol car near the area where the hardware store was located, he saw a person – subsequently identified as Defendant – standing near an intersection who matched the description of the subject. The officer parked his patrol car, exited the car, and approached the subject.
> Officer Christiansen recognized Defendant because the officer had previous encounters with Defendant and believed he had assisted another officer in Defendant's previous arrest. The officer also testified the purposes of the stop were to issue Defendant a trespass notice and document with dispatch that the notice was issued to Defendant.
> The challenged portions of Officer Christiansen's encounter with Defendant took less than three minutes and are as follows. The officer approached Defendant and discussed the details of an alleged purchase Defendant made at the hardware store. The officer then told Defendant the hardware store wanted to "trespass" him, which meant Defendant would no longer be welcome at the store. Officer Christiansen then asked Defendant to "[h]ang tight" while the officer called his supervisor to confirm what he was supposed to do. While the officer was on the phone, Defendant was walking back and forth, and putting his hands in and out of his pockets.
> After the officer got off the phone with his supervisor, he told Defendant he was giving him a verbal "trespass" notice and Defendant was no longer welcome at the hardware store. The officer then asked Defendant for his identification, Defendant gave his identification to the officer, and the officer used it to contact dispatch and document that the verbal trespass notice was issued to Defendant.

2

> While Defendant was on the phone with dispatch, Officer Christiansen asked Defendant, "Do you have anything [on you] that's going to cut, poke, or stick me?" Officer Christiansen testified he asked the question for his safety. In response to Officer Christiansen's question, Defendant told the officer he had a gun on him and where to locate it. Defendant then gave the officer consent to search his possessions, and the officer found and seized the gun. It is undisputed the officer was in the process of requesting and running Defendant's identification through dispatch when Defendant admitted he was in possession of a firearm.
> Officer Christiansen was the only witness to testify at Defendant's suppression hearing and bench trial. At the close of the officer's testimony, the State asked the court to take judicial notice of Defendant's two prior felony convictions for burglary, and defense counsel did not object. Defense counsel did not present any evidence at trial.

ECF No. 8-5 at 3-4. Based on this evidence, the court of appeals found that the trial court reasonably denied Engel's motion to suppress because the gun was seized during a lawful investigatory detention. It further found that Christiansen was not required to give Engel *Miranda* warnings before asking him whether he had anything that could "cut, poke, or stick [him]." ECF No. 8-5 at 9.

Engel now petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Though Engel asserts four grounds for relief in his petition, these grounds substantially overlap with one another. First, Engel claims that the trial court erred by admitting evidence that was procured through an unlawful search and seizure. Second, he claims that the trial court erred by admitting evidence obtained without Christiansen informing Engel of his Fifth Amendment rights. Third, Engel claims that his due process rights were violated because Christiansen's testimony at the suppression hearing and the bench trial was false and inconsistent.

None of Engel's claims have merit. As an initial matter, the Court may not grant a petition for a writ of habeas corpus unless the petitioner exhausted the remedies available in state court, there is an absence of available State corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1). Engel's third claim—that his due process rights were violated because Christiansen's testimony was

3

false—was not raised before a Missouri court. Because Engel does not argue that there is an absence of available State corrective process to hear this claim or that circumstances exist that render such process ineffective, the Court may not grant his petition on this basis.

Engel's first and second claims were adjudicated on the merits in state court. But the Court may not grant Engel relief on his first claim—that the trial court erred by admitting evidence procured through an unlawful search and seizure—because a "state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial" if the "State has provided an opportunity for full and fair litigation of a Fourth Amendment claim." *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). Engel litigated his Fourth Amendment claim in Missouri court, but construing Engel's petition liberally, he argues that this litigation was unfair because Christiansen's testimony was false and inconsistent. *See generally Napue v. People of State of Ill.*, 360 U.S. 264, 269 (1959) ("[A] conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment[.]"). Again, Engel had the opportunity to present this claim on appeal, and he failed to do so. But even if he had raised this claim on appeal, Engel's claim would fail because he does not identify the falsities in Christiansen's testimony, and merely false or inconsistent testimony is not enough to render a procedure unfair. The prosecution must have known or had reason to know that the testimony was false, and the perjured testimony must be reasonably likely to have affected the verdict. *United States v. Bass*, 478 F.3d 948, 951 (8th Cir. 2007). Because Engel did not litigate this issue on appeal, and he does not attempt to demonstrate that the prosecution knew that Christiansen's testimony was

false or that Christiansen's unspecified allegedly false statements are reasonably likely to have affected his conviction, the Court must deny Engel's petition on this basis as well.[1]

That leaves Engel's claim that Christiansen should have read him his *Miranda* rights. The Court may grant Engel's petition for a writ of habeas corpus on this claim only if the State's adjudication of this claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). Construing Engel's petition liberally, he argues that the trial court and court of appeals unreasonably applied *Miranda* to the facts in his case.

In *Miranda*, the Supreme Court held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." 384 U.S. at 444. The Missouri Court of Appeals concluded that Christiansen was not required to inform Engel of his right against self-incrimination because Christiansen did not interrogate him, that is, Christiansen did not use "any words or actions [he] should know are reasonably likely to elicit an incriminating response[,]" ECF No. 8-5 at 9 (quoting *State v. Little*, 604 S.W.3d 708, 716 (Mo. Ct. App. 2000)). It explained: "There is no evidence that Officer Christiansen knew or should have known Defendant would admit to carrying a firearm in response to the officer's question about whether Defendant had an item –

---

[1] Even if Engel provided evidence that the prosecution knew Christiansen's testimony was false, he would have difficulty showing that these perjured statements affected his conviction because the trial court reviewed Christiansen's body camera footage in making its rulings, Engel's counsel cross-examined Christiansen using this footage, and the trial court nonetheless denied Engel's motion to suppress. ECF No. 8-1 at 62, 70-73.

5

such as knife or sharp object – that could 'cut, poke, or stick [the officer].'. . . [T]herefore, we find an interrogation for 5th Amendment purposes did not take place." *Id.* at 10.[2]

The Missouri Court of Appeals' explanation of interrogation is consistent with the Supreme Court's. *See, e.g., Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) ("[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."). And Engel does not show that the Missouri Court of Appeals unreasonably applied that law to the facts of his case. Instead, he argues, as he did before the court of appeals, that Christiansen's question was "an express guilty-seeking question to discover evidence of a crime." ECF No. 8-5 at 10; ECF No. 1 at 5. But he does not explain how the Missouri Court of Appeals' conclusion involved an unreasonable application of *Miranda* or an unreasonable determination of the facts in light of the evidence presented to it. Moreover, on habeas review, "a determination of a factual issue made by a State court shall be presumed to be correct[,]" and Engel does not attempt to rebut this presumption § 2254(e)(1). The Court must accordingly deny Engel's petition on this basis as well.

As mentioned above, Engel has moved to amend his petition twice. In his first motion, he seeks to add a new claim that his conviction took place more than 400 days after his arrest. In his second, Engel argues that his doctors in prison have harmed him, that his medical needs are being ignored, and that his counsel in the underlying criminal case failed to advise him of his rights. Neither of these motions identify a violation of the Constitution or laws and treaties of

---

[2] The Missouri Court of Appeals denied Engel's *Miranda* argument on the alternative ground that officers are permitted to request permission to search a citizen or his car, and Engel did not argue that he did not consent to the search or that his consent was coerced. ECF No. 8-5 at 10 (citing *State v. Hayes*, 51 S.W.3d 190, 193 (Mo. Ct. App. 2001).

the United States, and neither shows that Engel exhausted his remedies available in state court or otherwise explain why he cannot avail himself of a state corrective process. Because "the law of this circuit 'requires that the applicant for a writ of habeas corpus refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent constitutional issue' in state court" before the Court may consider the applicant's claim, the Court will deny both motions to amend. *Ford v. Norris*, 364 F.3d 916, 919 (8th Cir. 2004) (quoting *Kelly v. Trickey*, 844 F.2d 557, 558 (8th Cir. 1998))).

Accordingly,

**IT IS HEREBY ORDERED** that Engel's Petition for Writ of Habeas Corpus [ECF No. 1], Motion to Amend/Correct Petition [ECF No. 10] and second Motion to Amend/Correct Petition [ECF No. 15] are **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in this action because Engel has not made a substantial showing of a denial of a constitutional right.

An appropriate Judgment is entered herewith.

Dated this 17th day of July 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE